**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ANTHONY FATTA and** | * | **CIVIL ACTION NO. 3:23-cv-470** |
| **NANCY FATTA** | * | |
| | * | **JUDGE** |
| **VS.** | * | |
| | * | **MAGISTRATE JUDGE** |
| **ALLSTATE VEHICLE AND** | * | |
| **PROPERTY INSURANCE COMPANY** | * | **JURY DEMAND** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**COMPLAINT**
(Jury Trial Requested)

**COME NOW** Complainants, Anthony and Nancy Fatta, by and through their attorney of record, and enter this Complaint against Defendant, Allstate Vehicle and Property Insurance Company, and show this Honorable Court that:

**I. PARTIES**

**1.**

Complainant **ANTHONY FATTA** is an adult resident of the Parish of Ascension, in the State of Louisiana.

**2.**

Complainant **NANCY FATTA** is an adult resident of the Parish of Ascension, in the State of Louisiana.

**3.**

Made Defendant herein **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** (hereinafter "Defendant" or "Allstate"), an insurer with a State of Incorporation of Illinois with a principal place of business in Illinois, who is authorized to do and is doing business in the State of Louisiana and the Parish of Ascension, which may be served through its Registered

Agent for Service of Process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## II.  JURISDICTION AND VENUE

**4.**

Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

**5.**

Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Complainants reside in this District; and the property that is subject to the dispute between Complainants and Allstate is located in this District.

## III.  RELEVANT FACTS

**6.**

At all relevant times, Complainants owned the property located at 39446 Oceanview Ave, Prairieville, Louisiana 70769 (the "Property").

**7.**

At all relevant times, Allstate provided a policy of insurance, number 845092423 (the "Policy"), to Complainants, which covered the Property against perils including hurricanes and provided the following coverages: $301,284 for Dwelling, $30,129 for Other Structures, $180,771 for Personal Property, and $60,257 for Loss of *inter alia*.

**8.**

On or around January 24, 2023, a wind and hailstorm caused significant damage to Complainants' home in Ascension Parish.

**9.**

Complainants promptly reported the loss to Allstate, who assigned it claim number 0710095836 (the "Ida Claim").

**10.**

As soon as practicable, Complainants made efforts to mitigate the damage to the best of their ability under the circumstances.

**11.**

On or about April 18, 2023, an estimator from Exact Building Consultants (EBC) inspected the property on behalf of Complainants and documented damages in the amount of $90,055.96.

**12.**

Soon thereafter on or about April 24, 2023, Complainants sent Defendant a demand for payments to properly repair the property, based on the April 18, 2023, inspection by Exact Building Consultants in the amount of $90,055.96.

**13.**

This demand and submission of the report by EBC constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

**14.**

On or about May 30, 2023, Penelope Pound, an adjuster on behalf of Allstate, inspected the property and documented a mere $281 in damages to the property, but after over calculating

depreciation and applying the properties deductible, Complainants were not allowed anything for their losses.

**15.**

To date no payments have been forthcoming for Complainants losses.

**16.**

Complainants were then forced to obtain undersigned counsel to help advocate on their behalf.

**17.**

As a result of Allstate's failure to timely and adequately compensate Complainants for their substantial losses, the Property remains in a state of disrepair.

**18.**

Upon information and belief, Allstate's failure to timely and adequately compensate Complainants for their losses, after receiving satisfactory proof of loss, was purposeful or at least negligent.

**19.**

Upon information and belief, Allstate purposely and/or negligently misrepresented to Complainants the terms and conditions of the Policy.

**20.**

Upon information and belief, Allstate conducted the investigation and claims handling for Complainants' claim in bad faith, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**21.**

Upon information and belief, Allstate manipulated its pricing software to artificially suppress the cost of repairs below market value.

**22.**

Complainants have incurred or will incur additional expenses in repairing the Property as a result of Allstate's failure to timely compensate them for their substantial and covered losses.

**23.**

Complainants have incurred or will incur additional living expenses as a result of the damages caused to their Property, including those additional living expenses that will be incurred during the repair of the Property.

## IV. CAUSES OF ACTION

### A. Breach of the Insurance Contract

**24.**

Complainants reallege and re-aver the allegations contained in paragraphs 1-23, above, as if restated herein.

**25.**

Defendant owes a duty to its policyholder to make prompt and proper payment for all claims, to make its policy limits available to insured for losses. These duties arise from the policy itself, Louisiana jurisprudence, and duties implied in every contract in Louisiana.

**26.**

Complainants have now suffered covered losses under the Policy.

**27.**

Allstate breached its contractual duties and failed to provide reasonable and adequate insurance coverage to Complainants by:

a. Failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss;

b. Purposely and/ or negligently misrepresenting to Complainants the terms and conditions of the Policy;

c. Failing to conduct the claims handling for Complainants' claim in good faith and with fair dealing;

d. Manipulating its pricing software to artificially suppress the cost of repairs below market value;

e. Failing to include adequate overhead and profit in its estimates of damages.

**28.**

Complainants have suffered and continues to suffer damages as a result of these breaches of the Policy.

**B. Bad Faith**

**29.**

Complainants reallege and re-aver the allegations contained in Paragraphs 1-28, above, as if restated herein.

**30.**

Defendant, at all relevant times, owed a duty of good faith and fair dealing to Complainants in the handling and administration of their property damage claim.

**31.**

The actions and/ or inactions of Allstate in failing to timely and adequately compensate Complainants for the covered losses under the Policy were arbitrary, capricious, and without

probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Allstate liable for statutory bad faith penalties.

**32.**

Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious, or without probable cause is in violation of La. R.S. § 22:1973.

**33.**

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

**34.**

La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

**35.**

Allstate is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Complainants adequate payment in connection with their damages, despite having received satisfactory proof of loss following its own inspection(s) of the Property and following receipt of independent proofs of loss from Complainants.

**36.**

Allstate's misrepresentation of the terms of the Policy was in bad faith.

**37.**

Allstate's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claim(s) was in bad faith.

## 38.

Allstate's handling of Complainants' claim was in bad faith.

## 39.

Defendant's breach of the aforementioned duties was the direct and proximate cause of the harm suffered by Complainants, and but for their breach the harm suffered by Complainants would have been avoided.

### IV. DAMAGES

## 40.

Complainants reallege and re-aver the allegations contained in Paragraphs 1-39, above, as if restated herein.

## 41.

As a result of Allstate's breaches of contract, bad faith claims adjusting, and other bad acts, Complainants have incurred the following, non-exclusive damages:

   a. Diminution of the value of the Property;

   b. Actual repair costs;

   c. Reimbursement for personal repairs at the Property;

   d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement.

   e. Additional living expenses.

   f. Mental anguish.

   g. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

h. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

## JURY DEMAND

**42.**

Complainants requests a trial by jury.

**43.**

**WHEREFORE**, Complainants, Anthony and Nancy Fatta, pray that Defendant, Allstate Vehicle and Property Insurance Company, be served with a copy of this Complaint, and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Complainants, Anthony and Nancy Fatta, and against the Defendant, Allstate Vehicle and Property Insurance Company, as alleged, together with legal interest, and for all costs of these proceedings including expert witness fees to be taxed as costs of court, attorney's fees and expenses and for all legal and equitable relief this honorable court shall deem appropriate.

**RESPECTFULLY SUBMITTED:**

*/s/ Alaina Brandhurst*_____

Alaina Brandhurst, La. Bar No. 35057
Galen M. Hair, La. Bar. No. 32865
**HAIR SHUNNARAH
TRIAL ATTORNEYS, LLC.
d/b/a INSURANCE CLAIM HQ
d/b/a INSURANCE CLAIM
LAWYERS, INC.**
3540 S. I-10 Serv. Rd., W., Ste. 300
Metairie, Louisiana 70001
Telephone: 504.684.5200
Facsimile: 504.613.6351
abrandhurst@hstalaw.com
hair@hstalaw.com

**Please Serve:**
**Allstate Vehicle and Property Insurance Company**
*Through its Registered Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue,
Baton Rouge, Louisiana 70809